No. 26,430.

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ANDERSON, *Appellees.*

OPINION DENYING A REHEARING.

Appeal from Anderson district court; HUGH MEANS, judge. Opinion denying a rehearing filed April 10, 1926. (For original opinion of reversal see *ante,* p. 240.)

*William R. Smith, Owen J. Wood, Alfred A. Scott, Alfred G. Armstrong,* all of Topeka, and *F. M. Harris,* of Ottawa, for the appellant.

*Bert L. Woods, John K. Bowman* and *DeWitt M. Stiles,* all of Garnett, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: In a motion for rehearing, the defendants direct attention to a misstatement of fact in the opinion to the effect that the two reservoirs were located in zone 3, when, in fact, one was in zone 1, and the other in zone 2. The matter in no way affected the decision in the case, the trial court already having directed defendants to revalue and reassess the reservoirs.

The contention is made that the defendants assessed plaintiff's property in the same manner as was done in *Railroad Co. v. Jefferson County,* 114 Kan. 156, 217 Pac. 315. A comparison of the two cases makes a distinction perfectly apparent. In the Jefferson county case the commissioners viewed the property (in the district), considered the various elements entering into the valuation of the railroad's right of way, and from a comparison, investigation and consideration of the whole question, arrived at a valuation said not to be unfair. In the instant case the commissioners did not view the property for the purpose of arriving at a valuation for the assess-

ment in question, nor did they make any comparison, investigation or exercise any independent judgment in assessing plaintiff's property.

The chairman of the board testified:

"We have an assessment on each piece of property along there, that is given to us by the county assessors, with valuations put on by the assessors. The board simply adopted the assessor's figures as to values. The property was assessed in . . . 1922, and the board simply took those as the valuations of the property. With reference to the valuation placed upon the right of way, I suppose we took that from the tax commission. I don't remember that we made [up] any figures. . . . We have taken the valuation from the tax commission. . . . We did not go up and down the railway track through Anderson county; made no personal investigation of the right of way or the property upon it any more than we just knew it. . . . The same thing was done in each of them (Santa Fe and Missouri Pacific). I don't know what items the tax commission included in fixing the valuation per mile of any of these railroad tracks. . . . [We made] no investigation in any way of the condition of any of that property, more than a casual observation, just as I stated, and did not do that with reference to the condition of the rails or the ties, or bridges or the weight of the rails; have no knowledge in regard to any of these matters; do not know whether or not there was included in the valuations fixed by the tax commission any items of money or bonds or terminals or credits of any kind."

It is perfectly clear that the defendants failed entirely to make their own investigation and arrive at their own conclusion. They simply adopted the valuations of the right of way fixed by the state tax commission, which included money on hand, stocks and bonds, investments in terminals, etc. It may be noted further that when they had erroneously adopted such valuation as their own, they took figures prepared for them by the county clerk, who when he testified was unable to account for $160,000, apparently an excess valuation included in 23.34 miles of right of way. The defendants admitted their inability to arrive at a correct result by applying the figures presented.

Other matters discussed in the original opinion need not be enlarged upon.

The motion for a rehearing is denied.